```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

NATIKA GANT,

      Plaintiff,

v.                              CASE NO:   8:07-cv-2086-T-33EAJ

KASH N' KARRY FOOD STORES, INC.,
d/b/a SWEETBAY SUPERMARKET,

      Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Kash N' Karry Food Stores Inc.'s Renewed Motion to Tax Costs (Doc. # 82), filed on September 8, 2010. Plaintiff Natika Gant filed a Memorandum in Opposition on September 21, 2010. (Doc. # 83).

The only costs being claimed by Kash N' Karry to which Ms. Gant objects are the costs associated with Kash N' Karry's computerized Westlaw/Lexis research in the amount of $2,895.57. (Doc. # 83 at 1). Ms. Gant argues that these costs are not taxable pursuant to 28 U.S.C. § 1920. (Doc. # 83 at 1). Kash N' Karry, however, asserts that these costs are "indispensable in the practice of law" and taxable pursuant to Federal Rule of Civil Procedure 54(d). (Doc. # 82 at 5).

Kash N' Karry, as the prevailing party, is entitled to

recover costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. Rule 54(d) provides that the prevailing party in a lawsuit is entitled to recover costs from the opposing party as a matter of course unless a federal statute, the Federal Rules, or a court order provides otherwise.

However, by 28 U.S.C. § 1920, Congress has specified and limited which costs are recoverable.[1] Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-442 (1987)[2], superseded on other grounds, 42 U.S.C. § 1988 (1991), (explaining that "[i]f Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920 . . . serves no role

---

[1] "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920.

[2] The Court notes that each of the Eleventh Circuit cases which Kash N' Karry cites to support its position regarding the taxability of computer research costs were published prior to the Supreme Court's 1987 decision in Crawford. See Terry Props., Inc. v. Standard Oil Co. (IND), 799 F.2d 1523, 1525 (11th Cir. 1986); Johnson v. Univ. College of Univ. of Ala., 706 F.2d 1205, 1206 (11th Cir. 1983).

whatsoever" and that § 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)"); Parkes v. Hall, 906 F.2d 658, 659 (11th Cir. 1990)(noting that the Supreme Court in Crawford rejected the argument that Fed.R.Civ.P. 54(d) represented an additional grant of discretion to federal courts to determine what costs may be shifted); Exemar v. Urban League of Greater Miami, Inc., 2009 WL 259677 at * 1 (S.D. Fla. Feb. 4, 2009).

Section 1920 makes no reference to computerized research costs. See 28 U.S.C. § 1920. As such, they are not recoverable. Gary Brown & Assoc., Inc. v. Ashdon, Inc., 268 Fed. App'x 837, 846 (11th Cir. 2008) (legal research not recoverable under § 1920); Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) ("Plaintiff's affidavits appear to include costs such as . . . computerized legal research . . . which are clearly nonrecoverable."); Guetzloe Grp., Inc. v. Mask, 2007 WL 2479335 at *4 (M.D. Fla. 2007) ("[C]omputerized research costs are not recoverable."); Parrot, Inc. v. Nicestuff Distrib. Int'l, Inc., 2010 WL 680948 at *15 (S.D. Fla. Feb. 24, 2010) ("Plaintiff requests Westlaw fees . . . for online legal research . . . . As there is no explicit authorization to grant these costs under § 1920, they are not recoverable."); Smith v. HM Wallace, Inc., 2009 WL 3179539 *3

(S.D. Fla. Oct. 1, 2009)(holding that costs for legal research are not recoverable under § 1920); Global Patent Holdings, LLC v. Panthers BRHC LLC, 2009 WL 1809983 *2 (S.D. Fla. June 25, 2009) (holding that computerized legal research costs are not recoverable).

Therefore, this Court finds that the costs requested by Kash N' Karry are due to be granted, less the computerized Westlaw/Lexis research fees.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Kash N' Karry Food Stores Inc.'s Renewed Motion to Tax Costs (Doc. # 82) is **GRANTED** as follows: (i) court reporter fees and transcript costs are awarded in the amount of $4,073.45; and (ii) printing fees are awarded in the amount of $87.75.  The Clerk is directed to enter the Bill of Costs, as amended herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of October, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record